**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Norfolk Division**

**GURVINDER SINGH, A# 232549064,**

      **Petitioner,**

v.                                                                    **Case No. 2:25cv746**

**ICE,** *et al.,*

      **Respondents.**

## REPORT AND RECOMMENDATION

Pending before the Court is a Petition for a Writ of Habeas Corpus submitted pursuant to 28 U.S.C. § 2241 ("the Petition"), ECF No. 1. Respondents moved to dismiss the Petition. ECF No. 6. This case was referred to the undersigned United States Magistrate Judge ("the undersigned") pursuant to 28 U.S.C. § 636(b)(1)(A)–(B) and Rule 72(b) of the Federal Rules of Civil Procedure. For the foregoing reasons, the undersigned **RECOMMENDS** that the Motion to Dismiss, ECF No. 6, be **GRANTED**, and that the Petition, ECF No. 1, be **DENIED** and **DISMISSED** as moot.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Petitioner Gurvinder Singh ("Petitioner"), a native of India, mailed this Petition to the United States District Court for the District of New Jersey on October 28, 2025, and it was received and filed on November 5, 2025. ECF No. 1 at 8; *see* ECF Nos. 1–2. Because Petitioner was detained at Farmville Detention Center in Farmville, Virginia at the time of filing, the Petition was transferred to this Court on November 16, 2025. ECF Nos. 2–3. Petitioner is seeking release from detention and cancellation of his removal order. ECF No. 1 at 6–7. On November 5, 2025, Petitioner was removed from the United States. ECF No. 7, attach. 1 at 3.

Petitioner entered the United States on September 10, 2008.  ECF No. 7, attach. 1 at 2. Petitioner asserts that he was detained for more than six months in immigration custody at the time of filing and that there has been no attempt to remove him to India.  *Id.*  On August 7, 2025, an Immigration Judge ordered Petitioner removed to India pursuant to INA § 237(a)(1)(B), 8 U.S.C. § 1227(a)(1)(B).  ECF No. 1, attach. 1 at 1.  Petitioner did not seek relief from removal or appeal the removal order.  ECF No. 1 at 4–6; *id.*, attach. 1 at 1.  The removal order is therefore final.

On January 16, 2026, the Court ordered that Respondents answer or otherwise respond to the Petition within thirty days.  ECF No. 5.  Respondents then filed a Motion to Dismiss the habeas petition and memorandum in support on January 22, 2026.  ECF Nos. 6–7.  Respondents argue that the Petition should be dismissed for lack of subject matter jurisdiction because Petitioner's removal from the United States has mooted his claims.  ECF No. 7 at 3–4.  Respondents also assert that any recognized exceptions to the mootness doctrine are inapplicable here.  *Id.* at 4–5. Petitioner has not responded to the Motion to Dismiss, and mail sent from this Court to Petitioner at his Farmville address has been returned as undeliverable.  ECF Nos. 8, 10–11.

## II. DISCUSSION

The issues in the instant Petition are moot as there remains no case or controversy due to Petitioner's release and removal.  Article III of the U.S. Constitution limits the jurisdiction of federal courts to the adjudication of actual cases and controversies.  U.S. Const. art. III, § 2, cl. 1. The requirement of ongoing controversy extends throughout the pendency of the action.  *J.W. v. Knight*, 452 F. App'x 411, 414 (4th Cir. 2011) (citing *Preiser v. Newkirk*, 422 U.S. 395, 401 (1975)).  "'[A] case is moot when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome.'"  *Id.* (quoting *Powell v. McCormack*, 395 U.S. 486,

496 (1969)). A case can also become moot due to a change in the facts or in the law. *See id.* (citing *Ross v. Reed*, 719 F.2d 689, 693–94 (4th Cir. 1983)).

Here, the Petition is moot due to a change in the facts. Petitioner sought release from his detention and cancellation of his removal order. As stated above, Petitioner was released and removed from the United States on November 5, 2025. Because Petitioner's removal extinguishes any live controversy regarding the legality of his detention, the claim in his Petition has been rendered moot.

Nor does any exception to the mootness doctrine apply. There are two possible exceptions to the mootness doctrine: (1) "'collateral consequences; and (2) matters 'capable of repetition, yet evading review.'" *Leonard v. Hammond*, 804 F.2d 838, 842 (4th Cir. 1986) (quoting *Carafas v. LaVallee*, 391 U.S. 234, 237). Neither of these exceptions apply to Petitioner's claim because the Petitioner was released from detention on November 5, 2025, and removed from the United States. Having received the only relief Petitioner sought and which is available to him—release from detention—his Petition is moot. *See Friedman's, Inc. v. Dunlap*, 290 F.3d 191, 197 (4th Cir. 2002) (explaining a claim may be mooted "when the claimant receives the relief he or she sought to obtain through the claim" because there is "no [longer] effective relief available in federal court"). Petitioner has no additional claim for relief because he only challenged his pre-removal detention and cancellation of his removal order, not the basis for removal itself. *See Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (holding that because the movant only challenged the length of his sentence, his release also rendered the motion moot, as no "collateral consequences" of his conviction existed). Thus, the "collateral consequences" exception cannot save the Petition.

Additionally, the narrow "capable of repetition, yet evading review" exception likewise does not save the Petition, as it requires a reasonable expectation that the same complaining party

3

will be subjected to the same action again. *See Leonard*, 804 F.2d at 842 (citing *Weinstein v. Bradford*, 423 U.S. 147, 149 (1975)). Because Petitioner has been removed to India pursuant to a final order of removal, there is no reasonable basis to conclude that he will again be detained by immigration authorities under the same circumstances.

In addition to release from detention, Petitioner also sought to have the final removal order "overturned." ECF No. 1 at 6. However, a removal order may not be overturned through a petition for a writ of habeas corpus. *Dep't of Homeland Sec. v. Thuraissigiam*, 140 S. Ct. 1959, 1969–70 (2020) (explaining that vacatur of the petitioner's removal order might fit an injunction or a writ of mandamus but is outside the scope of the common law habeas writ).

Because neither of the mootness doctrine exceptions apply, and the cancellation of his removal order fails as a matter of law, the Petition is moot and must be dismissed for lack of subject matter jurisdiction.

## III. RECOMMENDATION

For the reasons explained above, the undersigned **RECOMMENDS** that the Motion to Dismiss, ECF No. 6, be **GRANTED**, and that the Petition, ECF No. 1, be **DENIED** and **DISMISSED** as moot.

## IV. REVIEW PROCEDURE

By receiving a copy of this Report and Recommendation, Petitioner is notified that:

1. Any party may serve on the other party and file with the Clerk of this Court specific written objections to the above findings and recommendations within fourteen days from the date this Report and Recommendation is forwarded to the objecting party. *See* 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 72(b), computed pursuant to Federal Rule of Civil Procedure 6(a). A party may respond to another party's specific written objections within

4

fourteen days after being served with a copy thereof. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

2. A United States District Judge shall make a *de novo* determination of those portions of this Report and Recommendation or specified findings or recommendations to which objection is made. The parties are further notified that failure to file timely specific written objections to the above findings and recommendations will result in a waiver of the right to appeal from a judgment of this Court based on such findings and recommendations. *Thomas v. Arn*, 474 U.S. 140 (1985); *Carr v. Hutto*, 737 F.2d 433 (4th Cir. 1984), *cert. denied*, 474 U.S. 1019 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984), *cert. denied*, 467 U.S. 1208 (1954).

The Clerk is **DIRECTED** to forward a copy of this Report and Recommendation to Petitioner at his last known address on record.

/s/

Lawrence R. Leonard
United States Magistrate Judge

Lawrence R. Leonard
United States Magistrate Judge

Norfolk, Virginia
March 16, 2026

5